UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHEAL D.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 2:22-CV-464-DWC

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION TO DENY BENEFITS

    Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of Plaintiff's applications for disability insurance benefits. Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Rule MJR 13, the parties have consented to proceed before United States Magistrate Judge Christel. *See* Dkt. 2. This matter is fully briefed. *See* Dkts.10, 11, 12.

    After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom testimony. Had the ALJ properly considered Plaintiff's subjective complaints, Plaintiff's residual functional capacity ("RFC") may have

included additional limitations. The ALJ's error is, therefore, not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## BACKGROUND

On February 3, 2020, plaintiff filed applications for DIB and SSI, alleging disability as of December 15, 2019. *See* Dkt. 8, Administrative Record ("AR") 197, 207. The applications were denied on initial administrative review and on reconsideration. *See* AR 124, 128, 134, 137. A hearing was held before Administrative Law Judge William Leland ("the ALJ") on February 22, 2021. *See* AR 31–69. In a decision dated March 2, 2021, the ALJ determined plaintiff to be not disabled. *See* AR 17–31. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* AR 1–6; 20 C.F.R. § 404.981, § 416.1481.

In the opening brief, Plaintiff maintains that the ALJ erred by failing to properly consider Plaintiff's subjective symptom testimony. Dkt. 10, p. 1. Plaintiff requests remand for further administrative proceedings. *Id*. at p. 11–12.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

DISCUSSION

**1. Whether the ALJ provided specific, clear, and convincing reasons for finding Plaintiff's subjective symptom testimony not fully supported.**

Plaintiff argues the ALJ erred because he did not provide specific, clear and convincing reasons to discount Plaintiff's subjective symptom testimony. Dkt. 10, p. 2–5.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.3d at 834 (citation omitted). Questions of credibility are solely within the ALJ's control. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (quotation marks and citations omitted). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984).

Plaintiff completed Social Security Administration Function Reports[1] on February 20, 2020, February 26, 2020, and May 10, 2020. AR 250–254, 261–264, 280–287. In these reports Plaintiff stated that he is unable to maintain composure or regular attendance at work. AR 254. Plaintiff also reported that his conditions limit his ability to be around people or places where he cannot leave for the day if he experiences an episode. AR 261.

Plaintiff testified at the hearing that he cannot work due to frustration, anger, suicidal thoughts, racing thoughts, and an inability to focus or concentrate. AR 61. Additionally, Plaintiff again testified that his difficulty interacting with other people interferes with his ability to

---

[1] The Social Security Administration uses this form to obtain information on how the applicant's illnesses, injuries, or conditions limit their activities.

maintain a job. AR 53. Plaintiff also testified that he experiences self-destructive tendencies that have impacted his ability to maintain housing, keep a job, or follow through with treatment for his conditions. AR 57.

Regarding Plaintiff's testimony, the ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR 22. However, the ALJ determined Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 18. The ALJ discounted Plaintiff's subjective testimony for several reasons. *See* AR 18–24. In particular, the ALJ discounted Plaintiff's testimony because (1) Plaintiff's symptoms were inconsistent with his activities of daily living and (2) Plaintiff's complaints were inconsistent with objective findings.

As to the first reason, an ALJ may rely upon a claimant's daily activities to discredit a claimant's testimony in two circumstances: if the claimant's activities contradict his or her other testimony, or if the activities "meet the threshold for transferable work skills." *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (*quoting Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). However, the mere fact a claimant has engaged in daily activities is insufficient evidence, standing alone, to allow an ALJ to conclude those activities are inconsistent with the claimant's subjective symptoms. *Id.* The ALJ "must make 'specific findings relating to the daily activities' and their transferability or inconsistency to conclude a claimant's daily activities warrant an adverse credibility determination." *Orn*, 495 F.3d at 639 (*quoting Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).

Here the ALJ cited Plaintiff's activities such as taking public transportation, flying across the country to help his sister move, and managing his finances as evidence that Plaintiff was less

limited than reported. AR 24. However, these activities do not address the complaints that Plaintiff alleged and are taken out of context of the record as a whole. For example, Plaintiff testified that all of his time is occupied with staying alive, which may involve walking for multiple hours because of his mania or sleeping in his car "with piss bottles everywhere" because of his depression. AR 54. Plaintiff similarly reported that he did not have difficulty with personal care such as bathing and feeding himself except during depressive episodes. AR 262. Plaintiff further reported severe impacts of his conditions, including that he was experiencing homelessness due to his inability to be around other people and was hospitalized twice during the short period he was attending counseling. AR 60, 485, 489. Finally, Plaintiff testified that he has been able to perform jobs that require him to stand up to 11 hours of the day or carry up to 100 pounds, however, he has always failed to maintain these positions because his "cap bursts off" and he experiences uncontrollable anger. 48, 49, 59.

The ALJ's decision does not show how the activities of daily living are inconsistent with the limitations Plaintiff alleged. *See Burrell v. Colvin*, 775 F.3d 1133 at 1138 (9th Cir. 2014) *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002). Plaintiff's bipolar disorder is a disorder which presents episodically; the mere fact Plaintiff has occasionally engaged in certain activities (such as using public transportation) is not inconsistent with a disorder characterized by constantly changing motivation levels, energy levels, and moods. *See Kangali v. Barnhart*, 454 F.3d 627, 628 (7th Cir. 2011) ("The ALJ thought the medical witnesses had contradicted themselves when they said the Plaintiff's mental illness was severe yet observed that she was behaving pretty normally during her office visits. There was no contradiction; bipolar disorder is episodic."). Therefore, the ALJ did not provide clear and convincing reasons to discredit Plaintiff's subjective testimony based on Plaintiff's daily activities.

As to the second reason, the ALJ cited objective findings that Plaintiff presented with an above average level of intelligence, grossly intact short-term memory, and linear, logical, and goal-oriented thought process as evidence that Plaintiff's reported limitations were inconsistent with the medical record. AR 23. The ALJ also cited Plaintiff's reports that he had seen some improvement in his symptoms with medication. AR 23–24. The ALJ further relied on reports that Plaintiff consistently presented as cooperative, demonstrated appropriate grooming/ hygiene, was able to maintain good/average eye contact, and findings of mood and affect abnormalities were not consistent in the record. AR 22.

Determining that a claimant's complaints are "inconsistent with clinical observations" can satisfy the clear and convincing requirement. *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294 at 1297 (9th Cir. 1999); *see also Fisher v. Astrue*, 429 F. App'x 649, 651 (9th Cir. 2011). However, an ALJ "may not disregard [a claimant's credibility] solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v. Social Security Administration*, 466 F.3d 880, 883 (9th Cir. 2006); *see Orteza v. Shalala*, 50 F.3d 748, 749–50 (9th Cir. 1995); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995). Additionally, when a claimant presents mental health issues, "it is error to reject [their] testimony merely because symptoms wax and wane in the course of treatment." *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). Instead, to satisfy the clear and convincing standard, an ALJ must explain how specific examples of improvement "*in fact* constitute examples of a broader development" in a claimant's mental health treatment. *Id.* at 1018 (emphasis in original).

Here the ALJ did not explain how the clinical findings contradicted Plaintiff's complaints that he had severe limitations in social interactions and self-destructive tendencies. Plaintiff repeatedly testified that he has never had an issue performing jobs as required; instead, he

1 | testified that he has quit every job he has held because of his inability to handle situational
2 | stressors in the workplace. AR 46, 252, 254, 261. Additionally, the ALJ cites that Plaintiff
3 | showed improvement with treatment, but Plaintiff also testified that even with medication he still
4 | experiences anger, outbursts, anxiety, and panic attacks. AR 57. The ALJ also did not
5 | demonstrate how reports that Plaintiff presented appropriately at appointments and did not show
6 | a consistent pattern of mood behaviors was inconsistent with a diagnosis of bipolar disorder,
7 | which is known to be characterized by waxing and waning symptoms. *See Brown-Hunter v.*
8 | *Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its
9 | decisions in a way that allows for meaningful review"); *Blakes v. Barnhart*, 331 F.3d 565, 569
10 | (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to
11 | her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate
12 | findings."). Therefore, the ALJ did not provide clear and convincing reasons for discrediting
13 | Plaintiff's subjective testimony based on the objective record.

14 | **2. Harmless Error**

15 | Identifying an error in the ALJ's decision, however, does not end the Court's inquiry.
16 | The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act
17 | context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*,
18 | *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). An error
19 | is harmless "so long as there remains substantial evidence supporting the ALJ's decision and the
20 | error does not negate the validity of the ALJ's ultimate conclusion." *Molina*, 674 F.3d *at* 1115
21 | (*quoting Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d 1190, 1197 (9th Cir. 2004).

22 | In this case, the ALJ offered two bases for discrediting Plaintiff's testimony. As
23 | discussed, however, these bases did not constitute specific, clear and convincing reasons,

supported by substantial evidence, for discrediting Plaintiff. As the ALJ failed to articulate sufficient alternative bases for discounting Plaintiff's testimony concerning the severity of his limitations, the Court cannot say the errors were "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115; *Bray v. Commissioner of Social Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). Thus, these are harmful errors requiring remand.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 22nd day of September, 2022.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge